UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARCUS MIDDLEBROOK,

       Plaintiff,                              Hon. Gordon J. Quist

v.                                                  Case No. 1:10 CV 526

CINDI CURTIN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant McDonald and Curtin's Rule 12(b)(6) Motion for Dismissal. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.


## BACKGROUND

Plaintiff initiated this action on June 3, 2010, against Cindi Curtin, Maryellen McDonald, and a third unidentified individual. The following allegations are contained in Plaintiff's complaint.

Plaintiff requested that his legal mail be opened in his presence pursuant to Michigan Department of Corrections policy. On or about November 6, 2008, mail from the Michigan Innocence Project, a "legal organization as defined by [MDOC] policy," arrived at the correctional facility in which Plaintiff is housed. Plaintiff alleges that "Defendants. . .unlawfully open[ed] and read Plaintiff's mail outside of his presence." Plaintiff later pursued an administrative grievance regarding the matter, which Defendant McDonald improperly denied. Plaintiff asserts that Defendants' conduct violated his constitutional rights. Plaintiff seeks four thousand dollars ($4,000.00) in damages. Defendants

McDonald and Curtin now move to dismiss Plaintiff's claims. Plaintiff has not responded to Defendants' motion.

## **STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.      Eleventh Amendment**

Defendants assert that they are entitled under the Eleventh Amendment to immunity from Plaintiff's official capacity claims. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) ("[u]nder the *Ex Parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

In his complaint, Plaintiff states that he is suing Defendants in both their personal and official capacities seeking only monetary damages. Accordingly, the undersigned recommends that Plaintiff's official capacity claims (seeking only monetary relief) against Defendants McDonald and Curtin be dismissed on Eleventh Amendment grounds.

**II.**     **Interference with Mail Claims**

As noted above, Plaintiff asserts in his complaint that "Defendants. . .unlawfully open[ed] and read Plaintiff's mail outside of his presence" in violation of his constitutional rights. Defendants assert that these claims must be dismissed because Plaintiff "has averred no facts demonstrating their personal involvement in the unconstitutional conduct" at issue.

To survive a motion to dismiss, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Defendants assert that Plaintiff's complaint fails to satisfy this standard. The Court disagrees.

In his complaint, Plaintiff identifies McDonald and Curtin as defendants. Plaintiff then alleges in the body of his complaint that "*Defendants*. . .unlawfully open[ed] and read Plaintiff's mail outside of his presence" in violation of his constitutional rights. While it may have been preferable for Plaintiff to have expressly stated that "Defendants *McDonald and Curtin*. . .unlawfully open[ed] and read Plaintiff's mail outside of his presence," in this particular context Plaintiff's articulation of this particular claim alleges sufficient personal involvement by Defendants McDonald and Curtin to withstand a motion to dismiss. Accordingly, the undersigned recommends that Defendants' motion to

dismiss this claim be denied and that Plaintiff's claim that Defendants McDonald and Curtin unlawfully opened his legal mail go forward.

**III.		Denial of Grievance Claim**

Plaintiff alleges that he filed a grievance regarding the alleged unlawful opening of his legal mail. Plaintiff alleges that Defendant McDonald improperly denied his grievance in violation of his constitutional rights. Liability in a § 1983 action does not attach based upon allegations that a defendant simply denied a prisoner's grievance. *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension"). Accordingly, the undersigned recommends that this particular claim be dismissed for failure to state a claim on which relief may be granted.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant McDonald and Curtin's Rule 12(b)(6) Motion for Dismissal</u>, (dkt. #11), be **granted in part and denied in part**. Specifically, the undersigned recommends that: (1) Plaintiff's official capacity claims against Defendants McDonald and Curtin be dismissed on Eleventh Amendment grounds; (2) Plaintiff's claim

that Defendant McDonald improperly denied his grievance be dismissed; and (3) Plaintiff's legal mail claims against Defendants McDonald and Curtin go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 2, 2011

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge