MARCUS MIDDLEBROOK,

    Plaintiff,

v.                                                   Case No. 1:10-CV-526

CINDI CURTIN, *et al.*,                HON. GORDON J. QUIST

    Defendants.
_____/

# ORDER ADOPTING IN PART AND REJECTING IN PART
# REPORT AND RECOMMENDATION

Defendants McDonald and Curtin have filed Objections to the Report and Recommendation issued March 2, 2011, in which Magistrate Judge Ellen Carmody recommended that Defendants' motion to dismiss be granted in part and denied in part. In particular, the magistrate judge recommended that the motion be granted with regard to Plaintiff's claims against Defendants in their official capacity and Plaintiff's denial of grievance claim but denied with regard to Plaintiff's interference with mail claim. Although acknowledging the principal that a plaintiff may not simply name an individual as a defendant but must include factual allegations showing that the defendant was personally involved in the constitutional deprivation, the magistrate judge concluded that Plaintiff's allegations against Defendants are sufficient show that they were personally involved in unlawfully opening and reading Plaintiff's mail outside his presence because Plaintiff alleged that "Defendants . . . unlawfully open[ed] and read Plaintiff's mail outside of his presence." (Report & Recommendation at 5 (quoting Compl. ¶ 6).)

Having conducted a *de novo* review of the Report and Recommendation, Defendants' Objection, and the Complaint, the Court concludes that the Report and Recommendation should be adopted in all respects except for the portion concerning the interference with mail claim.

In their Objections, Defendants contend that they are entitled to dismissal of Plaintiff's interference with mail claims against them because Plaintiff fails to allege that Defendants had any involvement in opening Plaintiff's mail. Rather, Defendants argue, Plaintiff alleges that an unknown mailroom employee opened and read Plaintiff's mail.

While Plaintiff alleges that "Defendants . . . "open[ed] and read Plaintiff's mail outside of his presence," when Plaintiff's other allegations are considered, it is apparent that Plaintiff is alleging that only the unknown mailroom employee opened Plaintiff's mail. Plaintiff alleges:

> 9. Upon grieving the issue, Defendant Donald [sic] blatantly violated the grievance procedure by (1) failing to acknowledge the original grievance, and (2) preventing the party responsible from answering the second grievance and not interviewing Plaintiff, with the intent to disrupt and block Plaintiff's effort to obtain the identities of those involved in unlawfully opening his privileged mail, as well as to conceal evidence.
>
> 10. Donald [sic] was not present when the mail arrived but attempted to argue on behalf of the Defendant mailroom employee as if Donald [sic] had first hand knowledge.
>
> 11. Donald's response and reasoning for justifying the illegal opening is a complete fabrication.
>
> 12. With an illegible signature, the Defendant Unknown Mailroom Employee attempted to justify her illegal opening and in the process revealed that she had in fact read the contents claiming that it was not pertaining to Plaintiff's case.

(Compl. ¶¶ 9-12.)

In spite of Plaintiff's broadly-phrased allegation in paragraph 6 that Defendants opened his mail, his more specific allegations in paragraphs 9 through 12 show that the unidentified mailroom employee was the only Defendant who was actually involved in opening Plaintiff's mail. In fact, Plaintiff alleges that Defendant McDonald was not even present when the mail arrived and had no personal knowledge of what occurred. Similarly, Plaintiff does not allege that Defendant Curtin – the warden – was involved in opening the mail or that Defendant Curtin is actually the unidentified mailroom employee. Had Plaintiff not included the above-quoted specific allegations in his

Complaint, the Court would concur with the magistrate judge's assessment. However, because Plaintiff's specific factual allegations contradict his general allegation, the Complaint affirmatively demonstrates that Defendants McDonald and Curtin were not personally involved in the alleged constitutional deprivation. *See Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) ("A motion to dismiss for failure to state a claim is likely to be granted where 'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'") (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 2, 2011 (docket no. 20) is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is **adopted** with regard to the recommendation that Defendants' motion be granted as to Plaintiff's official capacity claims and Plaintiff's denial of grievance claim and **rejected** with regard to the recommendation that the motion be denied with regard to Plaintiff's interference with mail claim.

**IT IS FURTHER ORDERED** that Defendants Maryellen McDonald and Cindi Curtin's Rule 12(b)(6) Motion For Dismissal (docket no. 11) is **GRANTED**.


Dated: April 20, 2011                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE